UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 19-mj-03801-CMM

UNITED STATES OF AMERICA

vs.

CHARLY ZACARIAS,

      Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ___ Yes _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes _X_ No

                Respectfully submitted,

                ARIANA FAJARDO ORSHAN
                UNITED STATES ATTORNEY

BY: _____
     KATHLEEN C. COOPERSTEIN
     SPECIAL ASSISTANT U.S. ATTORNEY
     Court ID No. A5502592
     99 N. E. 4th Street
     Miami, Florida 33132-2111
     Tel: (305) 961-9062
     Email: Kathleen.cooperstein2@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| CHARLY ZACARIAS | ) | Case No. 19-mj-03801-CMM |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  October 23 - November 7, 2019  in the county of  Miami-Dade  in the
Southern  District of  Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(b)(1)(B) and 846 | Conspiracy to distribute 500 grams or more of cocaine. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Jeremy Nawyn, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11-8-19

*Judge's signature*

City and state:  Miami, Florida   Hon. Chris M. McAliley, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jeremy Nawyn, Special Agent, having been duly sworn, state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent of the United States Department of Justice, Drug Enforcement Administration ("DEA"), Miami Field Division, Homestead Resident Office ("RO"), and have been so employed since June 2009. I have received numerous hours of formal classroom training in the investigation of narcotics and dangerous drugs from the Drug Enforcement Administration Academy in Quantico, Virginia, and from other specialized training courses. As a result, I am experienced in the means and methods used by persons and drug trafficking organizations to communicate, purchase, transport, store, and distribute drugs, as well as the means and methods used to hide profits generated from those transactions. I have received training and have experience in the investigation of violations of the federal drug laws, including the offense listed above.

2. This Affidavit is being submitted in support of a criminal complaint against Charly ZACARIAS ("ZACARIAS"). I respectfully submit that there is probable cause to believe that, between on or about October 23, 2019 and on or about November 7, 2019, in Miami-Dade County, ZACARIAS conspired to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii).

3. The information set forth in this Affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers. I have not included in this Affidavit each and every fact known to me about the matters set forth herein, but only those that I believe are sufficient to establish probable cause.

## PROBABLE CAUSE

4.   On or about October 23, 2019, a DEA confidential source (CS1) identified ZACARIAS as a person who had approached CS1 about purchasing one kilogram of cocaine for a price of $28,000.  On October 24, 2019, CS1 notified me that he/she had communicated via telephone with ZACARIAS, who was requesting to meet CS1.  Without meeting directly with CS1, ZACARIAS left a single brick containing a compressed white powder, wrapped in a pair of blue jeans with a handwritten note reading "28" and "llamo" [meaning, "call me," in Spanish]. This package was left near the front door of CS1's place of business.  CS1 subsequently contacted me, after which law enforcement responded and took custody of the package.  A field test was later performed on the brick, revealing positive results for cocaine.

5.   On October 30, 2019, CS1 was instructed to place a telephone call to ZACARIAS to introduce a second DEA confidential source (CS2) to pose as a potential buyer of the kilogram of cocaine that had already been delivered to CS1.  CS2 subsequently contacted and met with ZACARIAS in Miami-Dade County.  Though this meeting was not recorded due to equipment failure, CS2 stated that ZACARIAS wanted money in return for the kilogram and the two agreed to meet later, at which time CS2 would provide partial payment for the kilogram.  Later that same day, CS2 was provided with $4,000.00 to provide ZACARIAS as the partial payment. ZACARIAS did not ultimately meet with CS2 to receive that payment.

6.   On November 7, 2019, CS1 sent a recorded text message to ZACARIAS stating that he/she would be available to meet later that day.  ZACARIAS agreed to meet, stating that he wished to resolve the problem that he was currently experiencing, referring to the kilogram of cocaine that he had previously provided to CS1 and for which he had not yet received payment. Later that day, in a recorded meeting of ZACARIAS, CS1, and CS2, ZACARIAS elaborated that

he needed payment for the kilogram of cocaine he had previously provided in order to pay the person who had supplied him with the cocaine. In response to this, CS2 supplied a sham, or false, kilogram of cocaine to ZACARIAS, who was subsequently arrested.

7. ZACARIAS was read his *Miranda* rights in Spanish, and agreed to waive these rights. ZACARIAS informed agents that he had been supplied the kilogram of cocaine by an individual as a way for ZACARIAS to alleviate financial problems that he was currently facing, and stated that he expected to receive $1,000.00 from the sale of the cocaine. He stated that he supplied the kilogram of cocaine to CS1 as a way to initiate the sale of that cocaine. ZACARIAS stated that he had communicated with the original supplier of the cocaine, and that this supplier expected full payment of $27,000 later that day on November 7, 2019. ZACARIAS also consented to law enforcement viewing messages on his phone that he exchanged with the supplier.

## CONCLUSION

8. Based on the foregoing facts and circumstances, I respectfully submit that there is probable cause to believe that, between on or about October 23 and on or about November 7, 2019, in Miami Dade County, ZACARIAS conspired to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
JEREMY NAWYN, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me this __8TH__ day of November, 2019.

_____
CHRIS M. McALILEY
UNITED STATES MAGISTRATE JUDGE

3